UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

COLD SPRING CONSTRUCTION COMPANY,
Sponsor and Plan Administrator of the
COLD SPRING CONSTRUCTION COMPANY
EMPLOYEES' PROFIT SHARING PLAN AND
TRUST,

                Plaintiff,

   v.                                   **DECISION AND ORDER**

SHANDA M. SPIKES, et al.,                11-CV-700S

                Defendants.

---

## I.  INTRODUCTION

Presently before the Court is Plaintiff's motion, pursuant to Federal Rules of Civil Procedure 4 and 6, to extend the time to serve two defendants, and for approval of alternate means of service.  For the reasons stated below, the motion is granted in part and denied in part.

## II.  DISCUSSION

This interpleader action relates to the disbursement of the balance of a profit sharing plan account held for a deceased individual.  Plaintiff has identified ten potential individual beneficiaries.  Eight of the ten known defendants have been served.  The instant motion relates to service on Jermain Travis Scott, whose whereabouts is unknown, and on Carl Lee Spikes, Jr., who is serving in the United States Army overseas at an undisclosed location.  Since commencing this action on August 24, 2011, Plaintiff has made multiple

1

attempts to locate and/or serve these individuals. Prior to expiration of the 120 day time limit for service, Plaintiff moved for an extension of time to serve both individuals, and for authorization to serve them by alternative means.

**A.   Jermain Travis Scott**

Federal Rule of Civil Procedure 6(b)(1)(A) provides that the Court may, for good cause shown, extend the time in which an act may or must be done where a party's request is made before the original time or any previously granted extension expires.

Since commencing this action, Plaintiff attempted to serve this defendant at his last known address, where he no longer resides; attempted to obtain information from family members as to the defendant's current whereabouts; followed up on information that the defendant may be incarcerated by searching state department of corrections websites; employed a private investigator to search for the defendant; and attempted to serve the defendant at the address provided by the investigator, only to find that the defendant no longer resides there. (Docket No. 18, Mahr Aff. ¶¶ 9-17.)

There is no basis to believe this defendant will be prejudiced by a delay in service, and Plaintiff's diligence in pursuing service is good cause to extend its time for the requested 90 days from the expiration of the original deadline.

**B.   Carl Lee Spikes, Jr.**

Plaintiff was advised at the outset of this action that this defendant is a member of the armed forces, serving overseas. Plaintiff was provided an Army Post Office ("APO") address as a means of communicating with the defendant. A family member also provided an email address and telephone number. Plaintiff mailed the Request to Waive Service

of a Summons and other papers.  In addition, Plaintiff emailed the same papers to the defendant three times, telephoned and left messages for him three times, and spoke to him twice by telephone.  In the first conversation, defendant advised that he had received the papers sent to his APO address, was deployed and was not allowed to provide any information that could assist with personal service, and wished to speak with a JAG officer before signing the Waiver of Service.  In the second conversation, on December 14, 2011, the defendant advised that he had spoken with his JAG officer, would sign the waiver, but was then on a mission and would not be able to do so until December 19th or 20th, or later.  In other words, even assuming the defendant's compliance, there is no guarantee service will be complete prior to expiration of the 120 day time period.  (Mahr Aff. ¶¶ 19-25.)

There is no basis to believe this defendant will be prejudiced by a delay in service, and Plaintiff has shown good cause to extend its time for the requested 90 days from the expiration of the original deadline.

Plaintiff hopes to receive this defendant's Waiver of Service form on or before January 10, 2012.  If it does not, it seeks authorization to serve the defendant by mailing the summons and complaint to his APO address, and by sending the documents to the two email addresses the defendant provided to Plaintiff.

"A Court may direct service on an individual in a foreign country by any means not prohibited by international agreement."  Western Supreme Buddha Ass'n, Inc. v. Oasis World Peace and Health Found., No.  08 Civ. 1374, 2011 U.S. Dist. LEXIS 23483, at *3 (N.D.N.Y. Mar. 9, 2011) (citations and internal quotation marks omitted); Fed. R. Civ. P. 4(f)(3). Because this defendant's whereabouts is unknown, the Court cannot determine

whether the country in which he is located is a signatory to the Hague Convention. Even assuming that it is, service by mail and email would not be prohibited by international agreement as the "Convention shall not apply where the address of the person to be served with the document is not known." 20 U.S.T. 361 Art. 1.

This district has previously held that Rule 4(f)(3) provides "an independent basis for service of process and is neither 'extraordinary relief' nor a 'last resort' to be used only when parties are unable to effectuate service under subsections (f)(1) and (f)(2)." Ryan v. Brunswick Corp., No. 02 Civ. 133, 2002 U.S. Dist. LEXIS 13837, at *7 (W.D.N.Y. May 31, 2002) (citing Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002)). The court may, however, impose a threshold requirement for the plaintiff to show reasonable attempts to effectuate service such that the court order is necessary. Western Supreme, 2011 U.S. Dist. LEXIS 23483, at *3; Ryan, 2002 U.S. Dist. LEXIS 13837, at *7-8. As already determined, that threshold is met here.

Finally, any alternative methods of service must comport with due process by being "reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 399 U.S. 306, 314 (1945). This Court finds that service by mail and email is constitutionally permissible here. This defendant has confirmed his receipt of a prior mailing to the APO address Plaintiff intends to use, and affirmatively provided Plaintiff with the personal and Army email addresses Plaintiff intends to use. (Mahr Aff. ¶¶ 24-25.) In light of these prior communications, the Court finds the requested methods of service are reasonably calculated to safeguard due process. Accordingly, I will authorize the requested alternate means of service for Carl Lee Spikes,

Jr., to be employed, if necessary, after January 10, 2012.

I note that, in a single sentence, Plaintiff states "it is unable to locate Defendant J. Scott and seeks guidance from the Court to serve him by alternate means pursuant to Rule 4(e)(1). To the extent this request for "guidance" can be construed as a request for affirmative relief, Plaintiff has offered no basis from which this Court can conclude that there exists an alternate means of service for Jermain Travis Scott that would comport with due process. Accordingly, no "guidance" is warranted.

### III.  CONCLUSION

For the reasons stated, Plaintiff's requests for an extension of time to serve Jermain Travis Scott and Carl Lee Spikes, Jr., and to serve Carl Lee Spikes, Jr. by alternative methods, if necessary, are granted. To the extent Plaintiff seeks to serve Jermain Travis Scott by alternative means, the request is denied.

### IV.  ORDERS

IT HEREBY IS ORDERED that Plaintiff's Motion to Extend Time to Serve Complaint and to Serve by Alternative Means (Docket No. 17) is GRANTED IN PART and DENIED IN PART.

SO ORDERED.

Dated:   January 9, 2012
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                            Chief Judge
                                        United States District Court