UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

COLD SPRING CONSTRUCTION COMPANY,
Sponsor and Plan Administrator of the
COLD SPRING CONSTRUCTION COMPANY
EMPLOYEES' PROFIT SHARING PLAN AND
TRUST,

                                      Plaintiff,

                v.                                        **DECISION AND ORDER**

SHANDA M. SPIKES, et al.,                              11-CV-700S

                                   Defendants.

## I. INTRODUCTION

This interpleader action relates to the disbursement of a profit sharing plan account held for a deceased individual. Pending before the Court are Interpleader-Plaintiff Cold Spring Construction Company's requests that its attorney's fees be paid from the account proceeds, and that the Court amend its February 22, 2013 Decision and Order. Briefing schedules were set for each motion. The estate has responded that it will defer to the Court's view on the reasonableness of requested fees and costs. The motion for amendment of the Court's Decision and Order is unopposed.

## II. BACKGROUND

On December 7, 2012, Cold Spring sought an order: 1) permitting it to deposit with the Clerk of Court profit sharing plan proceeds relating to the decedent, 2) dismissing this action as against it, and 3) awarding its reasonable attorney's fees, costs and fees. In a supporting affidavit, counsel requested that Plaintiff be permitted to deposit "the full

1

proceeds of the Profit Sharing Plan with statutory interest to date, minus attorneys fees the Court may award." (Docket No. 29-1 ¶ 27.) The Court declined to grant the request as presented because disputed funds held by a disinterested stakeholder must be deposited in full. It is only thereafter that the Court may make an award of fees and costs, if appropriate. Accordingly, and consistent with counsel's request, the Court directed Plaintiff to deposit plan proceeds in the amount of $ 61,032.08, "plus statutory interest." (Docket No. 33 at 4.)

Thereafter, Plaintiff moved for relief from the Court's Order, and then deposited with the Clerk of Court the $61,032.08 only.

### III. DISCUSSION

Cold Spring asks the Court to amend its prior Order on the ground that counsel's request to deposit statutory interest was an inadvertent mistake. Counsel now attests that he meant to ask that Cold Spring be permitted to deposit the disputed proceeds "with *any accrued interest* to date," and he requests that his client not be penalized for his mistake.

Counsel cites to Rules 60(a) and/or (b)(1) and (6) as the bases for its motion. Where, as here, a motion for relief from an order is filed no later than 28 days after the challenged order or entry of judgment, courts ordinarily treat the motion as brought under Rule 59(e). *See, e.g.*, Constellation Brands, Inc. v. Arbor Hill Assocs., Inc., No. 02 Civ. 6498 CJS, 2008 U.S. Dist. LEXIS 20264, at *5-6 (W.D.N.Y. Mar. 14, 2008).

Alteration of a court's judgment pursuant to Rule 59(e) is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." USA Certified Merchants, LLC v. Koebel, 273 F. Supp. 2d 501, 503 (S.D.N.Y.

2003) (citations omitted). "A court is justified in reconsidering its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice." Nnebe v. Daus, No. 06 Civ. 4991 KMK, 2006 U.S. Dist. LEXIS 58611, at *3 (S.D.N.Y. Aug. 7, 2006) (internal quotation marks and citation omitted). A decision to grant or deny a Rule 59(e) motion is within the sound discretion of the court. Atlantic Cas. Ins. Co. v. Joney Const. Corp., 2008 U.S. Dist. LEXIS 54151, at *3-4 (E.D.N.Y. July 12, 2008) (citations omitted).

Through this interpleader action, Cold Spring is simply attempting to ensure the funds it holds are distributed to the proper recipients. Therefore, counsel's request for payment of statutory interest would work an injustice on the disinterested stakeholder and also bestow an unwarranted windfall on Defendants. Accordingly, the motion for amendment of the Court's prior order is granted. That being said, there are other issues to be addressed.

Decedent passed away on or about November 16, 2010. In its Complaint, Cold Spring states that, on December 31, 2010, decedent's account had a balance of $61,032.08. (Docket No. 1 ¶ 10.) Although counsel now avers that Cold Spring's intent was to deposit with the Court that amount, plus any *accrued interest*, he does not inform the Court whether any interest has actually accrued. Assuming it has, there has been no attempt to deposit that interest, and counsel has not provided any documentation to support what that amount might be.

Among the documents submitted earlier in this case is decedent's participant account statement for the plan year January 1 through December 31, 2011. That

3

statement, as one would expect, shows a starting balance of $61,032.08. It also shows a gain for the plan year of $563.63. Yet, the Court cannot be sure this represents an accurate calculation. As noted in the February 22 Decision and Order, Cold Spring improperly distributed more than $10,000.00 in attorney fees from decedent's account at some unspecified time during that year. To the extent the 2011 gain was calculated, in whole or in part, on the improperly reduced account balance, any shortfall must be corrected. A 2012 account statement also presumably exists, and it, too, will likely require recalculation to correct a carryover of 2011's shortfall. Finally, any gain from January 1, 2013 forward must be accounted for.

Two things are clear; the full amount of the plan balance plus accrued interest has not yet been deposited, and the Court has no way of determining what that full amount is. In light of this circumstance, Cold Spring's dismissal from this case was premature and it will be reinstated as a party until the amount in dispute has been calculated, approved, and deposited. Once that occurs, the Court will address the issues of Cold Spring's dismissal and its request for attorney's fees.

### III. CONCLUSION

For the reasons stated above, Plaintiff Cold Spring's motion is granted to the extent it requests leave to deposit profit sharing plan proceeds relating to decedent Carl L. Spikes, plus accrued interest, into the Court. Cold Spring is reinstated as Interpleader-Plaintiff, and its requests for dismissal and for attorney's fees will be considered upon its full compliance with this Order.

## IV.  ORDERS

IT HEREBY IS ORDERED that Interpleader-Plaintiff Cold Spring's Motion (Docket No. 34) is GRANTED to the extent it seeks leave to deposit with the Court the amount of $61,032.08, plus all interest/gains accrued on that full amount from January 1, 2011 to March 25, 2013, the date the $61,032.08 was fully deposited with the Clerk of Court.

FURTHER that Cold Spring's prior dismissal from this action is VACATED, as Cold Spring has not fully complied with the Court's Orders.

FURTHER that the Clerk of Court shall reinstate Cold Spring to the Docket in this action.

FURTHER that, on or before **May 3, 2013**, Cold Spring shall file with the Court an affidavit stating the amount of interest/gain properly accrued on the $61,032.08 from January 1, 2011 to March 25, 2013, along with supporting documentation.

FURTHER that to the extent Cold Spring seeks dismissal from this action and an award of attorney's fees and costs, those matters are held in abeyance until such time as Cold Spring complies with this Order, the Court approves its calculation, and the additional funds are deposited with the Clerk of Court.

SO ORDERED.

Dated: April 9, 2013
         Buffalo, New York

                                                 /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                                   Chief Judge
                                        United States District Court