UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

COLD SPRING CONSTRUCTION COMPANY,
Sponsor and Plan Administrator of the
COLD SPRING CONSTRUCTION COMPANY
EMPLOYEES' PROFIT SHARING PLAN AND
TRUST,

                  Plaintiff,

v.                                                  **DECISION AND ORDER**

SHANDA M. SPIKES, et al.,                            11-CV-700S

                  Defendants.

## I. INTRODUCTION

On December 7, 2012, Plaintiff Cold Spring Construction Company moved for an order dismissing it from this interpleader action and awarding costs and attorney's fees incurred in this proceeding. The Court held the requests in abeyance and issued an order directing Plaintiff to submit additional evidence regarding the profit plan proceeds at issue—to wit, the amount to be deposited with the Court, inclusive of accrued interest/gains. (Docket No. 36.) Plaintiff's amended calculation and supporting documentation were approved on May 6, 2013, and proceeds in the amount of $68,600.45 were fully deposited with the Clerk of Court on May 16, 2013. Having now reviewed Plaintiff's submissions, the Court will grant the motion to dismiss and award costs and fees as described below.

1

## II. DISCUSSION

### A. Threshold Requirements for an Award of Fees and Costs to Interpleader

"'The general rule is that a party properly invoking interpleader is entitled to costs and attorney's fees, particularly when that party asserts no claim upon the *res* deposited with the Court.'" New York Life Ins. Co. v. Hassan, 2010 U.S. Dist. LEXIS 78461, at *5 (W.D.N.Y. Aug. 4, 2010) (*citing* Chemical Bank v. Richmul Assocs., 666 F. Supp. 616, 619 (S.D.N.Y. 1987). Reasonable fees and costs may be awarded where the interpleading party is a disinterested stakeholder that has: (1) conceded liability with respect to at-issue funds, (2) deposited the funds into the Court, and (3) sought a discharge from liability. Septembertide Publishers, B.V. v. Stein & Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989). Generally, the award is against the interpleader fund. *Id*.

The predicate requirements for an award of fees have been met. This case involves Plaintiff's former employee, Carl L. Spikes, who never married and died without designating a beneficiary to his profit sharing plan account. Ten individuals claim to be Mr. Spikes' biological children. Because Plaintiff is unable to assess the validity of the individual claims, it commenced this interpleader action to avoid liability it could incur from an improper distribution of plan proceeds. Cold Spring is properly considered a disinterested stakeholder. It has conceded liability with regard to the plan proceeds, deposited the disputed funds, and has asked to be dismissed with prejudice from this case.

### B. Calculation of Fees and Costs

Here, Plaintiff seeks attorney's fees and costs of $19,931.95—nearly 30 percent of the deposited profit sharing plan proceeds—for (1) presuit investigation to identify

2

defendants, (2) discussions with defendants, (3) initiating the interpleader action, (4) investigating the whereabouts of various defendants, (5) researching proper service on Canadian residents and individuals in active military service, (6) preparing a motion to serve one defendant by alternate means, (7) preparing a proposed stipulation, and (8) preparing the motion now under consideration.

    1.    <u>Attorney's Fees</u>

Time records have been submitted for three attorneys, one paralegal, and one librarian for a total of $18,121.00:

| | | |
|---|---|---|
| Douglas J. Mahr, Esq. | 40.5 hrs. | $225/hr. |
| Jon R. Kammerzelt, Esq. | 12.4 hrs. | $175/hr. |
| Sarah E. Breiner | 33.9 hrs. | $175/hr. |
| Kate Simons-Schryver | 5.2 hrs. | $ 80/hr. |
| Richard J. Powell | 2.3 hrs. | $100/hr. |

Though no titles were provided for the latter three individuals, the Court will presume they are listed in the stated order.

Courts have discretion to determine the amount of attorney's fees appropriate to satisfy a fee award. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The Second Circuit has directed that, in determining appropriate fees, district courts set a reasonable hourly rate, bearing in mind all the case-specific variables the Second Circuit and other courts have identified as relevant to the reasonableness of attorney's fees, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 493 F.3d 110, 117 (2d Cir. 2007). The presumptively reasonable fee is "what a reasonable,

paying client would be willing to pay," given that a client "wishes to spend the minimum necessary to litigate the case effectively." *Id*. at 118. To arrive at that fee, district courts must also consider the twelve factors developed in Johnson v. Georgia Highway Express, Inc.: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary hourly rate for similar work; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d 714, 717-19 (5th Cir. 1974).

The party seeking fees bears the burden of demonstrating that its requested fees are reasonable. *See* Blum v. Stenson, 465 U.S. 886, 897, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); Robinson v. City of New York, 2009 U.S. Dist. LEXIS 89981, at *8 (S.D.N.Y. Sept. 29, 2009). To that end, the fee application must be supported by contemporaneous time records that "specify, for each attorney, the date, the hours expended, and the nature of the work done." N.Y. State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).

Here, no defendant has objected to the rates charged or any of the time entries submitted, but this Court has an independent duty to review them. *See* G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist., 894 F. Supp. 2d 415, 436 (S.D.N.Y. 2012) (*quoting* Kahlil v. Original Old Homestead Rest., Inc., 657 F. Supp. 2d 470, 476 (S.D.N.Y. 2009)) (court

must examine time entries to determine whether the hours billed are reasonable, as "[p]laintiffs should receive compensation only for hours that were reasonably expended").

      a.    *The Hourly Rates*

An attorney's hourly rate is considered reasonable when it is "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation," Blum, 465 U.S. at 895 n.11, and when it comports with what "a paying client would be willing to pay" in that community, Arbor Hill, 493 F.3d at 117-18. Although the fee applicant has the burden of demonstrating prevailing market rates for comparable work, *see* Broome v. Biondi, 17 F. Supp. 2d 230, 237 (S.D.N.Y. 1997), the Court may also apply its "own knowledge" of rates charged in the community in assessing the reasonableness of the rates sought, Miele v. N.Y. State Teamsters Conference Pension & Ret., 831 F.2d 407, 409 (2d Cir. 1987).

No information is provided as to the experience and skill of the attorneys who worked on this matter. The firm's website, www.scolaro.com, indicates that Mr. Mahr is a litigation partner with more than twenty years of experience. A rate of $225 per hour is reasonable for an attorney of his experience level. *See* Williams v. Beemiller, Inc., 2010 U.S. Dist. LEXIS 21797 at *12 (W.D.N.Y. Mar. 10, 2010) (reducing rate to $250 for partner with 30 years federal litigation experience and $200 for partner with 10 years experience), *rev'd on other grounds*, 416 F. App'x 97 (2d Cir. 2011); N.Y. Life Ins. Co. v. Hassan, 2010 U.S. Dist. Lexis. 78461, at *8-9 (W.D.N.Y. Aug. 4, 2010) ("the highest hourly rate that this District currently awards for partners is $240 per hour).

Kammerzelt and Breiner are not listed currently on the firm's website. The

5

positioning of their names on the firm's letterhead in 2011 is indicative of associate status. (Docket No. 29-1 at 50.) Absent information about their experience level, the Court presumes they were relatively new attorneys for whom a rate of $150 per hour is appropriate. Williams v. Beemiller, Inc., 2010 U.S. Dist. OLEXIS 21797, at *11-12 (finding $150 rate appropriate for attorneys with two years experience or less).

The rate of $80 per hour for paralegal services is slightly excessive for this District, particularly where no information as to experience is provided. It is reduced to $75 per hour. Ghadersohi v. Health Research, Inc., 2011 U.S. Dist. LEXIS 107285, at *14-15 (W.D.N.Y. Sept. 22, 2011). This Court is seldom presented with billing for firm librarian services, and in this instance is unable to apply its own knowledge to assess reasonableness. Absent information on the individual's expertise and experience, the Court will assign the same rate applicable to the paralegal who worked on this file—*i.e.* $75 per hour.[1]

      b.    *The Time Expended*

"The typical interpleader claim does not involve extensive or complicated litigation, and thus fees should be 'relatively modest.'" Estate of Ellington v. EMI Music Publ'g, 282 F. Supp. 2d 192, 194 (S.D.N.Y. 2003) (citation omitted); *see also*, Chem. Bank, 666 F. Supp. at 619 (fees for bringing interpleader action are "usually nominal"); John Hancock Mut. Life Ins. Co. v. Doran, 138 F. Supp. 47, 50 n.2 (S.D.N.Y. 1956) (interpleader fees "should be kept small, both out of fairness to the eventual recipient of the fund and in recognition of the minimal work necessary to institute a suit in interpleader"). Here, services

---

[1] This also renders moot the question of which individual is the paralegal and which the librarian.

were billed in the amount of $18,121.00 for the period August 8, 2011 through December 4, 2012. Attorney Mahr attests that more than one-quarter of the total fee request is attributable to issues relating to service. (Docket No. 29-1 ¶33.)

The Court acknowledges extra time was required on out-of-the-ordinary service issues. Nevertheless, certain reductions are necessary. First, an associate attorney billed 12 hours for researching the Federal Rules of Civil Procedure and case law regarding service of process on a defendant located in a foreign country, which appears duplicative of earlier research. This time appears excessive and is reduced by half, to 6 hours.

Next, it appears counsel sought to simultaneously effect Plaintiff's deposit of funds and its dismissal from the interpleader action by both stipulation and motion. These efforts were duplicative and time spent on the stipulation will be disregarded. While the Court understands why a stipulation might be favored in the ordinary case, the service issues here, along with disputes over parentage, weighed against such an approach in this case. Attorney Mahr's time is reduced by 9.4 hours. In all other respects, counsel's detailed time records appear reasonable.

The Court arrives at a revised calculation of attorneys fees as follows:

| | | | |
|---|---|---|---|
| Douglas J. Mahr, Esq. | 31.1 hrs. | $225/hr. | $6,997.50 |
| Jon R. Kammerzelt, Esq. | 6.4 hrs. | $150/hr. | 960.00 |
| Sarah E. Breiner | 33.9 hrs. | $150/hr. | 5,085.00 |
| Kate Simons-Schryver | 5.2 hrs. | $ 75/hr. | 390.00 |
| Richard J. Powell | 2.3 hrs. | $ 75/hr. | 172.50 |
| | | | $ 13,605.00 |

2. <u>Costs</u>

In addition to their attorney fees, Plaintiff seeks to recover $1,810.95 incurred for filing fees, service process fees, photocopies, postage, toll calls, and legal research services. "'Attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" <u>LeBlanc-Sternberg v. Fletcher</u>, 143 F.3d 748, 763 (2d Cir. 1998) (*quoting* <u>United States Football League v. National Football League</u>, 887 F.2d 408, 416 (2d Cir. 1989)).

This Court previously has noted that "computer research is merely a substitute for an attorney's time that is compensable under an application for attorneys' fees and is not a separately taxable cost." <u>Brigiotta's Farmland Produce & Garden Center, Inc.</u>, 05-CV-273, 2006 U.S. Dist. LEXIS 48004, at *28 (W.D.N.Y. Jul. 13, 2006) (*quoting* <u>United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.</u>, 95 F.3d 153, 173 (2d Cir. 1996)); *see also*, <u>King v. JCS Enters., Inc.</u>, 325 F. Supp. 2d 162, 172 (E.D.N.Y. 2004) ("private market attorney fee rates reflect overhead costs like electronic research, just as they would reflect the cost of case reporters and other necessary books purchased for a law firm's library"). Though it appears that some courts, including the Second Circuit in an unpublished opinion,[2] have relied on <u>LeBlanc-Sternberg</u> to conclude that legal research is a separately taxable cost, that decision, in this Court's view, simply directed the district court to follow <u>Evergreen Pipeline</u>. 143 F.3d at 763.

The Second Circuit did, however, find reason to distinguish <u>Evergreen Pipeline</u> in

---

[2] *See* <u>Westport Ins. Corp. v. Hamilton Wharton Group, Inc.</u>, 483 Fed. Appx. 599, 605 May 17, 2012; *see also* <u>Atrium Companies, Inc. v. Southwest Reg'l Joint Bd.</u>, 2011 U.S. Dist. LEXIS 99442, at *37 (E.D.N.Y. July 21, 2011)

8

a more recent decision. In Arbor Hill, the Circuit Court distinguished the discretionary fee award at issue in Evergreen Pipeline from the fee-shifting provision invoked in that case, and held that, "in the context of a fee-shifting provision, . . . if [the prevailing party] normally bills its paying clients for the cost of online research services, that expense should be included in the fee award." 369 F.3d at 98.

While courts, including this district, often describe interpleader costs and fees as an "entitlement," neither the Federal Interpleader Act nor Rule 22 of the Federal Rules of Civil Procedure provides for the award of fees and costs. Where, as here, an award is discretionary, Evergreen Pipeline's holding remains undisturbed. The Court further notes that denial of reimbursement for legal research services advances fairness to the eventual recipients of the funds, particularly where the fees and costs will significantly diminish the relatively modest *res*. Therefore, the amount of $501.80 attributed to legal research is disallowed. All other enumerated costs fall within allowable categories and, absent objection from Defendants, their reasonableness is accepted.

### III.  CONCLUSION

For the reasons stated, the Court grants Plaintiff Cold Spring's motion that it be dismissed from this action with prejudice, and awards Plaintiff attorney's fees in the amount of $13,605.00 and costs in the amount of $1,309.15, for a total of $14,914.15 payable from the profit sharing plan proceeds on deposit.

### IV.  ORDERS

IT HEREBY IS ORDERED that Plaintiff's Motion (Docket No. 29) is GRANTED;

FURTHER that the Clerk of Court shall dismiss Interpleader-Plaintiff Cold Spring

9

Construction Company from this action with prejudice and terminate it from the docket;

FURTHER that the Clerk of Court is directed to take all steps necessary to arrange for the payment to Plaintiff of attorney's fees and costs as stated above.

SO ORDERED.

Dated: September 14, 2013
Buffalo, New York

        /s/William M. Skretny
       WILLIAM M. SKRETNY
           Chief Judge
     United States District Court